FILED

MAY 0 4 2016

MICHAEL GANS
CLERK OF COURT

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Case No. _____
(A related case, **8th Cir. Case No. 14-3495**, is a pending appeal
of the District Court's denial of Mr. Allen's first § 2255 petition)

---

## BILLIE JEROME ALLEN,

### Applicant-Petitioner,

v.

## UNITED STATES OF AMERICA,

### Respondent.

---

## APPLICATION TO FILE SECOND OR SUCCESSIVE
## PETITION PURSUANT TO 28 U.S.C. § 2255(h)

---

## CAPITAL § 2255 PROCEEDINGS

Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
  for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

April 25, 2016

RECEIVED

APR 26 2016

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ................................................................................................... 1

PROCEDURAL HISTORY ...................................................................................... 3

STATUTES INVOLVED .......................................................................................... 4

ARGUMENT ............................................................................................................ 6

I. FEDERAL BANK ROBBERY UNDER § 2113(a) AND
(e) DOES NOT QUALIFY AS A "CRIME OF VIOLENCE"
UNDER THE FORCE CLAUSE OF § 924(c)(3)(A) ........................................... 6

    A. Intimidation Does Not Require the Use, Attempted Use,
or Threated Use of "Violent Force" ............................................................. 8

    B. The Killing Element of § 2113(e) Does Not Require the
Use, Attempted Use, or Threatened Use of "Violent Force" ...................... 10

II. PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL
CLAUSE IS UNCONSTITUTIONALLY VAGUE ......................................... 13

    A. *Johnson* Expressly Rejected the "Ordinary Case" Approach
to Determining Whether a Crime Is Intrinsically Violent ........................... 14

    B. *Johnson* Renders § 924(c)(3)(B) Unconstitutionally Vague ....................... 15

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

*Allen v. United States*, 536 U.S. 953 (2002) ................................................ 4

*Allen v. United States*, 127 S. Ct. 826 (2006) .............................................. 4

*Begay v. United States*, 553 U.S. 137 (2008) .............................................. 14

*Chambers v. United States*, 555 U.S. 122 (2009) ....................................... 16

*Descamps v. United States*, 133 S. Ct. 2276 (2013) ................................ 6, 7

*Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) ....................................... 18

*Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) ............... 19

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ............................... passim

*Johnson (Curtis) v. United States*, 559 U.S. 133 (2010) .............................. 7

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) ..................................................... 8, 10

*Ortiz v. Lynch*, 796 F.3d 932 (8th Cir. 2015) ...................................... 7, 9, 12

*Ring v. Arizona*, 536 U.S. 584 (2002) ........................................................... 3

*Roberts v. Holder*, 745 F.3d 928 (8th Cir. 2014) ...................................... 16

*Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) ..................... 19

*Taylor v. United States*, 495 U.S. 575 (1990) ............................................ 14

*United States v. Acosta*, 470 F.3d 132 (2d Cir. 2006) ............................... 17

*United States v. Allen*, 247 F.3d 741 (8th Cir. 2001) ......................... 3, 10, 12

*United States v. Allen*, 357 F.3d 745 (8th Cir. 2004) .................................. 4

*United States v. Allen*, 406 F.3d 940 (8th Cir. 2005) .................................. 4

*United States v. Amparo*, 68 F.3d 1222 (9th Cir. 1995) ............................ 17

*United States v. Ayala*, 601 F.3d 256 (4th Cir. 2010) ............................... 16

*United States v. Bell*, No. 15-00258, 2016 WL 344749
(N.D. Cal. Jan. 28, 2016) .......................................................................... 18

*United States v. Boose*, 739 F.3d 1185 (8th Cir. 2014) ....................... 10, 11

*United States v. Edmundson*, No. 13–CR–15 (PWG),
  2015 WL 9311983 (D. Md. Dec. 23, 2015) ............................................ 18

*United States v. Fuertes*, 805 F.3d 485 (4th Cir. 2015) ............................ 17

*United States v. Jackson*, 736 F.3d 953 (10th Cir. 2013) .......................... 12

*United States v. Jennings*, 195 F.3d 795 (5th Cir. 1999) .......................... 17

*United States v. Jordan*, 812 F.3d 1183 (8th Cir. 2016) ............................ 8

*United States v. Keelan*, 786 F.3d 865 (11th Cir. 2015) .......................... 16

*United States v. Lattanaphom*, No. 99–CR–00433,
  2016 WL 393545 (E.D. Cal. Feb. 2, 2016) ............................................ 18

*United States v. Moore*, 38 F.3d 977 (8th Cir. 1994) ........................... 6, 17

*United States v. Munro*, 394 F.3d 865 (10th Cir. 2005) .......................... 17

*United States v. O'Reilly*, No. 05-80025,
  2008 WL 283999 (E.D. Mich. Feb. 1, 2008) ........................................ 12

*United States v. Ossana*, 638 F.3d 895 (8th Cir. 2011) ............................ 9

*United States v. Ossana*, 679 F.3d 733 (8th Cir. 2012) .......................... 11

*United States v. Pickar*, 616 F.3d 821 (8th Cir. 2010) ............................. 9

*United States v. Royal*, 731 F.3d 333 (4th Cir. 2014) .............................. 6

*United States v. Serafin*, 562 F.3d 1105 (10th Cir. 2009) ...................... 6, 17

*United States v. Torres Villalobos*, 487 F.3d 607 (8th Cir. 2007) .......... passim

*United States v. Vivas-Cejas*, 808 F.3d 719 (7th Cir. 2015) ..................... 18

*United States v. Whitfield*, No. 3:09CR9, 2009 WL 3461134
  (W.D.N.C. Oct. 21, 2009) ................................................................... 12

*United States v. Williams*, 537 F.3d 969 (8th Cir. 2008) ........................ 16

*United States v. Yockel*, 320 F.3d 818 (8th Cir. 2003) ............................. 9

*Welch v. United States*, 578 U.S. ___, 2016 WL 1551144 (April 18, 2016) ........ 1, 2

*Woods v. United States*, 805 F.3d 1152 (8th Cir. 2015) ..................... 1, 3, 19

## STATUTES

18 U.S.C. § 16 ...................................................................................... passim

18 U.S.C. § 924 .................................................................................... passim

18 U.S.C. § 2113 .................................................................................. passim

28 U.S.C. § 2255 .................................................................................. passim

## OTHER AUTHORITIES

Supplemental Brief for the United States, *Johnson v. United States*,
135 S. Ct. 2551, S. Ct. No. 13-7120, 2015 WL 1284964 (March 20, 2015) .......... 18

Applicant-Petitioner, Billie Jerome Allen, through counsel, respectfully applies for an order authorizing the United States District Court for the Eastern District of Missouri to consider a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255(h)(2) and Eighth Circuit Rule 22B.

## INTRODUCTION

This Court "may authorize a second or successive petition under § 2255 if the petition is based on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015) (quoting 28 U.S.C. § 2255(h)(2)). Mr. Allen's proposed second § 2255 petition (1) will be based on the "new rule of constitutional law" announced in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015); (2) that rule was "made retroactive to cases on collateral review by the Supreme Court" in *Welch v. United States*, 578 U.S. \_\_\_, 2016 WL 1551144 (April 18, 2016); and the rule was previously unavailable. *See Welch* at *7 ("It is undisputed that *Johnson* announced a new rule."). This Court should therefore grant this application and authorize Mr. Allen to file a second § 2255 petition in the District Court.

In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague because its definition of a violent felony "required courts

1

to assess the hypothetical risk posed by an abstract generic version of the [underlying] offense." *Welch* at *4. While leaving undisturbed the "many laws that 'require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*,'" *id.* (quoting *Johnson*, 135 S. Ct. at 2561 (emphasis in *Johnson*)), the Court found the ACCA residual clause unconstitutionally vague because it required courts to envision conduct that a crime involves in the "ordinary case" and "to judge whether that abstraction presents a serious risk of potential injury." *Johnson*, 135 S. Ct. at 2557.

Mr. Allen was convicted and sentenced to death for using a firearm during a federal "crime of violence" that resulted in a murder, in violation of 18 U.S.C. § 924(j) & (c)(3).[1] To qualify as a crime of violence, the underlying § 2113 bank robbery must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." Mr. Allen's capital conviction cannot be upheld under § 924(c)(3)(A)'s force clause because, under this Circuit's case law (including in this very case), § 2113 bank robbery lacks the scienter and violent force elements that § 924(c)(3)(A) requires.

Mr. Allen's capital conviction likewise cannot be upheld under § 924(c)(3)(B) because that section's definition of a crime of violence requires the

---

[1]Mr. Allen was also convicted of bank robbery in which a killing occurs, a violation of 18 U.S.C. § 2113(a) & (e), for the same murder, for which he was sentenced to life imprisonment without the possibility of parole. That conviction is not at issue in this proceeding.

same "ordinary case" approach that the Supreme Court deemed unconstitutional in *Johnson*. The plain language of the provisions is similar, and this Court and courts nationwide have long recognized that the provisions are analogous. Accordingly, Mr. Allen's claim for relief properly relies on *Johnson* to allege that his capital conviction is void for vagueness.

For these reasons, Mr. Allen herein makes a *prima facie* showing that his proposed claim falls within the scope of § 2255(h)(2), which is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Woods*, 805 F.3d at 1153.

## **PROCEDURAL HISTORY**

In 1998 in the Eastern District of Missouri, in connection with the same bank robbery and murder, Mr. Allen was convicted of violating 18 U.S.C. § 2113(a) & (e) (armed robbery by force or violence in which a killing occurs) and 18 U.S.C. § 924(c) & (j) (carrying or using a firearm during a crime of violence and committing murder).[2] Mr. Allen was sentenced to life in prison on the armed robbery count and to death on the crime of violence count.

This Court affirmed. *United States v. Allen*, 247 F.3d 741 (2001). The Supreme Court granted certiorari and remanded in light of *Ring v. Arizona*, 536

---

[2] In deciding whether Mr. Allen had committed a crime of violence under § 924(c), the jury was "instructed that the crime of bank robbery in which a killing occurs as charged in Count I is a crime of violence." E.D. Mo. Case No. 97-CR-141, Doc. 309, Instruction No. 19.

3

U.S. 584 (2002). *Allen v. United States*, 536 U.S. 953 (2002). On remand, a panel of this Court vacated Mr. Allen's death sentence. *United States v. Allen*, 357 F.3d 745 (8th Cir. 2004). The *en banc* Court reversed and reinstated the death sentence. *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005), *cert. denied Allen v. United States*, 127 S. Ct. 826 (2006).

On January 8, 2007, Mr. Allen filed a § 2255 petition, as later amended and supplemented. E.D. Mo. Case No. 07-CV-0027, Docs. 1, 47, 60. The District Court denied the petition on June 25, 2014. *Id.*, Docs. 373-75.

Mr. Allen timely filed a notice of appeal on October 20, 2014. 8th Cir. Case No. 14-3495, Doc. 383. On May 18, 2015, this Court granted a certificate of appealability on one issue. That appeal is pending in this Court.

Mr. Allen now applies to file a second or successive petition under 28 U.S.C. § 2255(h)(2). Pursuant to 28 U.S.C. § 2255(f) & (h), this application is timely as it is filed within one year of the date that *Johnson* was decided.

## STATUTES INVOLVED

### 18 U.S.C. § 2113

Section 2113(a), in pertinent part, provides:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank credit union, or any savings and loan association . . . shall be [punished in accordance with this statute].

Section 2113(e), in pertinent part, provides:

Whoever, in committing any offense defined in this section . . . kills any person, or forces any person to accompany him without the consent of such person . . . if death results shall be punished by death or life imprisonment.

## 18 U.S.C. § 924

Section 924(c)(1)(A), in pertinent part, provides:

[A] person who, during and in relation to a crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence [be punished in accordance with this statute].

Section 924(c)(3) defines "crime of violence" as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and –

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(j), in pertinent part, provides:

Any person who, in the course of violation of subsection (c), causes the death of a person through the use of a firearm, shall –

(1) If the killing is murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life[.]

## ARGUMENT

Mr. Allen sets forth below a *prima facie* case that the predicate offense of which he was convicted – bank robbery in which a killing occurs under § 2113(a) & (e) – does not qualify as a valid "crime of violence" under § 924(c). Section 924(c) defines "crime of violence" in two alternate clauses: the force clause under § 924(c)(3)(A) and the residual clause under § 924(c)(3)(B). Mr. Allen first shows that, under well-established case law, bank robbery under § 2113 is not a "crime of violence" under the force clause. The validity of Mr. Allen's § 924(c) & (j) conviction thus depends on bank robbery under § 2113 qualifying as a crime of violence under the residual clause.[3] Under *Johnson*, however, the residual clause of § 924(c)(3)(B) is void for vagueness.

## I. FEDERAL BANK ROBBERY UNDER § 2113(a) AND (e) DOES NOT QUALIFY AS A "CRIME OF VIOLENCE" UNDER THE FORCE CLAUSE OF § 924(c)(3)(A)

To determine whether a predicate offense qualifies as a "crime of violence" under § 924(c), courts must use the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Moore*, 38 F.3d 977, 978-79 (8th Cir. 1994), *abrogated on other grounds by United States v. Torres Villalobos*, 487 F.3d 607 (8th Cir. 2007); *see also United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2014); *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir.

---

[3] To obtain a conviction for a § 924(j) offense, the government must prove, *inter alia*, that the defendant committed a crime of violence under § 924(c).

2009). This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 133 S. Ct. at 2283 (citation omitted); *see also Torres-Villalobos*, 487 F.3d at 614 (analyzing "crime of violence" under 18 U.S.C. § 16, which is identical in all relevant aspects to the "crime of violence" definition found in § 924(c)).[4] Courts must presume that the predicate offense rested upon "nothing more than the *least* of the acts criminalized" by the statute in question. *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (emphasis added).

Applying the categorical approach, federal bank robbery under § 2113 fails to qualify as a "crime of violence" under § 924(c)(3)(A)'s force clause because the offense does not *require* an element of physical force. "Physical force" means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original); *see Ortiz*, 796 F.3d at 935-36. As this Court recently explained:

---

[4] The residual clause of 18 U.S.C. § 16(b) defines "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The residual clause of 18 U.S.C. § 924(c)(1)(B) defines "crime of violence" as "an offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

7

> If a statute only requires the government to prove that the defendant created a grave risk of harm to another, it does not qualify as a violent felony under the force clause because the government need not prove violent physical force . . . This is what separates the force clause from the residual clause. . . .

*United States v. Jordan*, 812 F.3d 1183, 1186 (8th Cir. 2016).[5]

Federal bank robbery in which a killing occurs, as defined by § 2113(a) & (e), can be accomplished merely by intimidation, and the killing can be accidental or by happenstance. Thus, the crime does not require the use, attempted use, or threatened use of "violent force." Additionally, because both the intimidation and the killing can be accomplished without an *intentional* threat or use of physical force, it fails to satisfy the mens rea required under the § 924(c)(3)(A) force clause. *See Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) ("the use . . . of physical force against the person or property of another – most naturally suggests a higher degree of intent than negligent or merely accidental conduct.") (citations and quotations omitted).

## A. Intimidation Does Not Require the Use, Attempted Use, or Threated Use of "Violent Force"

Bank robbery under § 2113(a) can be committed "by force and violence, or by intimidation." To satisfy the intimidation element, the government need not prove threatened *violent* force, or even that the defendant *intended* to intimidate;

---

[5] In *Jordan*, the Court analyzed the force clause under 18 U.S.C. § 924(e), which is identical to the force clause found in § 924(c).

instead, the government must "simply prove . . . that the defendant intended to do or say what he in fact did or said, and that the defendant's words or actions were of a kind that would make an ordinary person fear bodily harm." *United States v. Pickar*, 616 F.3d 821, 826 (8th Cir. 2010); *see also United States v. Yockel*, 320 F.3d 818, 824-25 (8th Cir. 2003) (intimidation element satisfied where the defendant was wearing a fanny pack and "acted 'real fidgety,' was moving around and at one point put his elbows up on either side of the window and leaned very close to the teller so that no more than a foot separated himself and the teller."). The action required to satisfy the intimidation element of bank robbery does not require even a *threat* of violent force, but only that an ordinary person fear some bodily harm. *Pickar*, 616 F.3d at 826; *Yockel*, 320 F.3d at 825. This Court has accordingly ruled that offenses that do not contain a "violent force" element do not qualify as crimes of violence under the force clause. *Ortiz*, 796 F.3d at 936 n.3; *United States v. Ossana*, 638 F.3d 895, 900 (8th Cir. 2011). For this reason alone, the intimidation element prevents § 2113(a) bank robbery from qualifying as a crime of violence under the force clause of § 924(c)(3)(A).

In addition, the intimidation element does not fall under the force clause because it does not require an *intentional* threat of physical force. *Pickar*, 616 F.3d at 826 ("The government is also not required to prove that the defendant intended to intimidate anyone."); *Yockel*, 320 F.3d at 824 ("whether or not [the defendant]

9

intended to intimidate the teller is irrelevant in determining his guilt."). A conviction cannot qualify as a crime of violence under the force clause of § 924(c)(3)(A) if, as here, it can be accomplished by recklessness or by accident. *See United States v. Boose*, 739 F.3d 1185, 1187-88 (8th Cir. 2014) (citing cases); *accord Torres-Villalobos*, 487 F.3d at 615.

Under this well-established and binding case law, the intimidation element of § 2113(a) does not satisfy the "crime of violence" definition under the force clause of § 924(c)(3)(A).

**B.      The Killing Element of § 2113(e) Does Not Require the Use, Attempted Use, or Threatened Use of "Violent Force"**

The killing element of § 2113(e) also does not qualify as a crime of violence under the force clause because it requires neither that "violent force" be used nor that the defendant commit an intentional act of "violent force." As this Court ruled in this very case, "[b]ecause the plain language of 18 U.S.C. § 2113(e) says simply 'kills,' and not 'intentionally kills' or 'murders,' the settled principles of construction direct us to conclude that Congress did not intend to add an additional scienter requirement to the killing component of the crime." *Allen*, 247 F.3d at 782 (internal brackets and quotation omitted).

Because the force clause of § 924(c) requires intentionality, *see Leocal*, 543 U.S. at 9, and the killing required for § 2113(e) can be caused by recklessness,

10

negligence, or accident, it does not qualify as a crime of violence under the force clause. *See Boose*, 739 F.3d at 1187-88; *see also Torres-Villalobos*, 487 F.3d at 615 (explaining that the force clause "most naturally suggests a higher degree of intent than negligent or merely accidental conduct[.]") (citation omitted); *United States v. Ossana*, 679 F.3d 733, 734 (8th Cir. 2012) ("a conviction . . . involving an actual 'injury to another person' but a mens rea of mere recklessness would not qualify as a crime of violence.") (citation omitted).

This Court's decision is *Torres-Villalobos* is particularly instructive. The defendant was convicted of Manslaughter in the Second Degree under Minn. Stat. § 609.205. *Torres-Villalobos*, 487 F.3d at 614. The mens rea requirement encompassed "a person who causes the death of another by 'the person's culpable negligence' whereby the person 'creates an unreasonable risk, and consciously takes chances of causing death or great bodily harm to another.'" *Id.* The term "culpable negligence" meant "gross negligence coupled with the element of recklessness, and intentional conduct which the actor may not intend to be harmful but which an ordinary and reasonably prudent man would recognize as involving a strong probability of injury to others." *Id.* (citation and quotations omitted). The Court found that the manslaughter statute did not qualify as a crime of violence under the force clause because "offenses that have no *mens rea* component or require a showing of only negligence are not crimes of violence." *Id.*

11

Like the conviction at issue in *Torres-Villalobos*, the killing element in § 2113(e) does not require scienter, and can be satisfied by even accidental conduct. *See Allen*, 247 F.3d at 782-83. Because § 2113(e) does not have a mens rea requirement, it does not qualify as a crime of violence under § 924(c)'s force clause. *See, e.g., United States v. Jackson*, 736 F.3d 953, 957-58 (10th Cir. 2013) (agreeing with this Court's reasoning in *Allen*, 247 F.3d at 782-83, and finding that the killing element of § 2113(e) was established where defendant accidentally caused "the traffic accident resulting in the two deaths").

Likewise, the killing element required to satisfy § 2113(e) does not require the use of "violent force" and therefore does not qualify as a crime of violence under § 924(c)'s force clause. *See Ortiz*, 796 F.3d at 935-36. To satisfy the killing element of § 2113(e), no force or threatened force is necessary. *See, e.g., Jackson*, 736 F.3d at 957-58. Indeed, if someone suffers a heart attack during the bank robbery, the killing element is established. *United States v. O'Reilly*, No. 05-80025, 2008 WL 283999 at *2 (E.D. Mich. Feb. 1, 2008) (listing heart attack as one example of a killing that would satisfy § 2113(e)); *United States v. Whitfield*, No. 3:09CR9, 2009 WL 3461134 at *2 (W.D.N.C. Oct. 21, 2009) (killing element established in § 2113(e) prosecution where victim died from heart attack induced by stress of robbery).

Because neither violent force nor the intentional use of violent force are necessary to establish the killing element under § 2113(e), it does not qualify under the force clause of § 924(c)(3)(A).

## II. PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE

Because well-established case law demonstrates that § 2113(a) & (e) fail to qualify as a "crime of violence" under § 924(c)(3)'s force clause, the validity of Petitioner's capital conviction depends on the validity of § 924(c)(3)(B)'s residual clause. Under the reasoning of *Johnson*, however, § 924(c)(3)(B) is void for vagueness.

In *Johnson*, the Supreme Court analyzed the ACCA residual clause, 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "involves conduct that presents a serious potential risk of physical injury to another"), which parallels in all material respects § 924(c)(3)(B)'s residual clause (defining a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used"). As § 924(c)(3)(B) suffers from the same flaws that compelled the Supreme Court to declare § 924(e) unconstitutionally vague, § 924(c)(3)(B) is unconstitutional as well.

**A.** *Johnson* **Expressly Rejected the "Ordinary Case" Approach to Determining Whether a Crime Is Intrinsically Violent**

In *Johnson*, the Supreme Court held that the ACCA residual clause is unconstitutionally vague because the process by which courts categorize convictions as violent is unacceptably "wide ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. The Court began by reaffirming that, under *Taylor v. United States*, 495 U.S. 575 (1990), the residual clause requires the categorical approach to determine whether a particular statute is a crime of violence. *Johnson*, 135 S. Ct. at 2557, 2562. Courts must therefore assess whether a crime is a violent felony "'in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion.'" *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

The Court observed that, under its precedents, the residual clause "require[d] a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury." *Id.* (citation omitted). But "grave uncertainty" abounds in determining "how to estimate the risk posed by a crime" in the "judicially imagined 'ordinary case'" because "[t]he residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves." *Id.* at 2557. The Court thus

14

concluded that the process of determining what is embodied in the "ordinary case" is fatally flawed, rendering it unconstitutionally vague. *Id.* at 2557-58.

This flaw alone established the residual clause's unconstitutional vagueness, but a closely related defect exacerbated the problem. *Id.* The residual clause lacked a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute was enough to constitute a "serious potential risk of physical injury." *Id.* at 2558. Although the level of risk required under the residual clause could arguably be similar to that of the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), *Johnson* rejected the notion that comparing the risk posed by an "ordinary case" to the risk posed by enumerated offenses would cure the constitutional problem. *Id.* The Court held that the indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary case" analysis is more than the "Due Process Clause tolerates." *Id.* Thus, *Johnson* not only invalidated the ACCA residual clause; it invalidated the "ordinary case" analysis in determining the violence inherent in crimes. *See id.*

**B.    *Johnson* Renders § 924(c)(3)(B) Unconstitutionally Vague**

The residual clause in § 924(c) suffers the same defects as the ACCA residual clause in § 924(e). The language of the provisions is similar; the federal courts treat the provisions the same; and both provisions depend on the now-abrogated "ordinary case" analysis.

15

Section 924(e) defines a "violent felony" to include those that involve "a serious potential risk" of "physical injury" to another person. Section 924(c) defines a "crime of violence" to include those that involve "a substantial risk" that "physical force" may be used against a person or property. Both provisions thus define violent crimes according to their intrinsic risk that they may involve physical force or injury. Although the risk at issue in § 924(e) is a risk of physical injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*'s rationale. The Supreme Court's holding did not turn on the type of risk at issue but rather on how courts assess and quantify the risk intrinsic in a crime.

Federal courts have recognized that § 924(e)'s residual clause is similar to § 924(c)(3)(B) and to the identical provision in 18 U.S.C. § 16(b) (*see* n.4, *supra*). *See, e.g., Chambers v. United States*, 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (Section 16(b) "closely resembles ACCA's residual clause"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) (ACCA's definition of a violent felony is "virtually identical to § 16(b)"); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret the definition of crime of violence under § 924(c)(3)(B)); *United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA residual clause and § 16(b) as "analogous"); *see also United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008)

16

("The present case involves the term 'crime of violence' whereas the Supreme Court in *Begay* interpreted the term 'violent felony.' We have never recognized a distinction between the two.").

Under § 924(c), just as under § 924(e), a court must first picture the "ordinary case" and then decide if it qualifies as a crime of violence by assessing the intrinsic risk posed. *See Moore*, 38 F.3d at 980 (explaining that, when analyzing whether a predicate crime falls within the residual clause of § 924(c), "the question is not whether the particular facts constitute a crime of violence, but whether [the predicate crime itself] is a crime of violence," and in making this determination, courts must look to the elements of the crime, not the particular facts of the crime, to determine whether "by its nature" there is a "substantial risk that physical force will be used").[6]

Indeed, in litigating *Johnson*, the United States agreed that the clauses in § 924(e) and § 924(c) posed the same problem. After noting that the definitions of

[6]*Accord United States v. Fuertes*, 805 F.3d 485, 498-99 (4th Cir. 2015) (explaining that, to determine whether a predicate offense qualifies as a crime of violence under § 924(c), courts must use the categorical approach and look to the statutory definition of the offense); *United States v. Amparo*, 68 F.3d 1222 (9th Cir. 1995) ("This circuit has adopted a categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence'"); *Serafin*, 562 F.3d at 1107 (explaining that the court employs a "categorical approach" when determining whether a crime qualifies as a crime of violence for purposes of § 924(c), and does not consider the particular facts of conviction); *United States v. Jennings*, 195 F.3d 795, 797-98 (5th Cir. 1999) (same); *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (same); *United States v. Munro*, 394 F.3d 865, 870 (10th Cir. 2005) (same).

crime of violence in the residual clauses of § 924(c) and § 16(b) are identical, the

Solicitor General stated:

> Although Section 16 refers to the risk that *force* will be used rather than that *injury* will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

Supplemental Brief for the United States, *Johnson v. United States*, 135 S. Ct. 2551, S. Ct. No. 13-7120, 2015 WL 1284964, at *22-*23 (March 20, 2015) (emphasis in original). The Solicitor General's analysis was undoubtedly correct. The residual clauses in both § 924(c) and § 924(e) require an "ordinary case" analysis to assess the predicate offense, and both require the court to speculate about how risky that ordinary case is.

Because this is the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional, as various federal courts have recognized.[7] *United States v. Bell*, No. 15-00258, 2016 WL 344749 at *11-13 (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 99–CR–00433, 2016 WL 393545 at *3-6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15 (PWG), 2015 WL 9311983 at *2-6 (D. Md. Dec. 23, 2015); *see also*

---

[7] The Seventh and Ninth Circuits have also held that the residual clause of § 16, which is identical to the residual clause in § 924(c), is sufficiently similar to the residual clause in § 924(e) and thus unconstitutionally vague. *See United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).

*Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (authorizing successive § 2255 petition based on *Johnson*'s applicability to § 924(c)) (unpublished; attached as Appendix A); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (same) (unpublished; attached as Appendix B). Although these decisions are not binding on this Court, they amply demonstrate that Mr. Allen has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Woods*, 805 F.3d at 1153.

WHEREFORE, because Mr. Allen has presented a *prima facie* claim that the requirements of 28 U.S.C. § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized to file a second 28 U.S.C. § 2255 petition in the District Court.

Respectfully Submitted,

Timothy Kane
Eric Montroy
Federal Community Defender Office
  for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Applicant-Petitioner

Dated: April 25, 2016

## Certificate of Service

I, Timothy Kane, hereby certify that on this 25th day of April, 2016, I submitted the foregoing Application for filing with service via email and first class mail to:

Ms. Carrie Constantin
First Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

Timothy Kane