*Allen v. United States*

Appendix A

# MANDATE

## United States Court of Appeals
FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand sixteen.

Present:     Reena Raggi,
             Richard C. Wesley,
             Christopher F. Droney,
                 *Circuit Judges.*

---

Michael Freeman,

                 *Petitioner,*

         v.                                                          15-3687

United States of America,

                 *Respondent.*

---

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion in the United States District Court for the Southern District of New York. The United States does not oppose. Upon due consideration, it is hereby ORDERED that Petitioner's motion for leave to file a successive § 2255 motion is GRANTED because he has made a *prima facie* showing that he satisfies the successive motion requirements with respect to his proposed claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposition of enhanced sentence under residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e), violates Due Process Clause).

This Court has determined only that Petitioner has made the requisite *prima facie* showing, *see* 28 U.S.C. § 2244(b)(3)(C), and the district court is directed to address, as a preliminary inquiry under § 2244(b)(4), whether *Johnson* announced a new rule of constitutional law made retroactive to cases on collateral review and, thus, permits Petitioner's new § 2255 claim to proceed. *See Welch v. United States*, --- S.Ct. ---, 2016 WL 90594 (Jan. 8, 2016) (granting writ of certiorari on retroactivity of *Johnson*).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

# MANDATE ISSUED ON 01/26/2016

*Allen v. United States*

Appendix B

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 2, 2016
Decided February 19, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-1193

JESUS RUIZ,
     *Applicant,*

     *v.*

UNITED STATES OF AMERICA,
     *Respondent.*

On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review.

## O R D E R

Jesus Ruiz has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. Ruiz was convicted of three counts of using a firearm in connection with a crime of violence, 18 U.S.C. § 924(c). Ruiz wants to challenge those convictions under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Because *Johnson* announced a new substantive rule of constitutional law, it has retroactive application. *Price v. United States*, 795 F.3d 731 (7th Cir. 2015).

The government concedes Ruiz's ability to make a prima facie showing that his convictions were based on the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B), which is similar to the residual clause of the Armed Career Criminal Act. The

government argues, though, that § 924(c)(3)(B) differs enough from the ACCA's residual clause that it was not invalidated by *Johnson*. But that subsection is identical to 18 U.S.C. § 16(b), which we held is unconstitutionally vague under *Johnson*. *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015).

Accordingly, we **GRANT** Ruiz's application and **AUTHORIZE** the district court to consider his claim.