**No. 16-2094 EMSL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

*BILLIE JEROME ALLEN*

*Applicant - Petitioner*

*v.*

*UNITED STATES OF AMERICA*

*Respondent*

Response to Application to File Second or Successive
Petition Pursuant to 28 U.S.C. §2255(h)
CAPITAL § 2255 PROCEEDINGS

**BRIEF OF RESPONDENT**

**RICHARD G. CALLAHAN**
**United States Attorney**

**Carrie Costantin**
**Assistant United States Attorney**
**Thomas F. Eagleton U.S. Courthouse**
**111 South Tenth Street, 20th Floor**
**St. Louis, Missouri 63102**

# **TABLE OF CONTENTS**

**Page No.**

Table of Contents ........................................................................ ii

Table of Authorities ................................................................... iii

Procedural History ...................................................................... 1

Petitioner's current claim ............................................................ 3

Argument ..................................................................................... 4

    I.    STANDARD FOR APPLICATION FOR SUCCESSIVE § 2255 PETITION ........................................................................... 4

    II.   FEDERAL BANK ROBBERY UNDER 18 U.S.C. §§ 2113(A) AND (E) IS A "CRIME OF VIOLENCE" UNDER 18 U.S.C. § 924(C)(3)(A)'S FORCE CLAUSE, NOT UNDER THE ACCA'S RESIDUAL CLAUSE ............................................................ 4

        A.   *Johnson* Does Not Apply to 18 U.S.C. § 924(c)(3)(A)'s Force Clause ........................................ 4

        B.  Bank Robbery is a Crime of Violence Under the Force Clause ................................................................ 5

        C.  Bank Robbery is a Crime Of Violence Under U.S.S.G. § 4B1.2(a) ....................................................... 9

        D.  Bank Robbery in Which a Killing Occurs is a Crime of Violence Because It Contains the Element "by Force and Violence, or by Intimidation" ...................... 10

    II.   SECTION 924(C)(3)(B) IS NOT UNCONSTITUTIONALLY VAGUE PURSUANT TO *JOHNSON* ........................................... 12

Conclusion ................................................................................. 15

Certificate of Service ................................................................. 16

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Allen v. United States*, 2011 WL 1770929..................................................................2

*Allen v. United States*, 2014 WL 2882495 (E.D. Mo. June 25, 2014) .....................3

*Allen v. United States*, 536 U.S. 953 (2002) ...........................................................2, 10

*Allen v. United States*, 549 U.S. 1095 (2006) .............................................................2

*Allen v. United States*, 549 U.S. 1246 (2007) .............................................................2

*Creighton v. Anderson*, 922 F.2d 443 (8th Cir.1990)...............................................10

*Cuba v. Farr*, 383 F.2d 166 (2d Cir.1967) ...............................................................10

*Descamps v. United States*, 133 S. Ct. 2276 (2013) ..................................................11

*Headbird v. United States*, 813 F.3d 1092 (8th Cir. 2016)........................................11

*Hill v. Morrison,* 349 F.3d 1089 (8th Cir. 2003) ........................................................4

*Johnson v. United States,* 135 S. Ct. 2551 (2015) ............ 3, 4, 5, 6, 8, 12, 13, 14, 15

*Johnson v. United States*, 779 F.3d 125 (2d Cir.2015)...............................................7

*Ring v. Arizona*, 536 U.S. 584 (2002)........................................................................1

*United States v. Adkins,* 937 F.2d 947 (4th Cir. 1991) ...............................................7

*United States v. Allen*, 247 F.3d 741 (8th Cir. 2001).................................... 1, 10, 11

*United States v. Allen*, 357 F.3d 745 (8th Cir. 2004).................................................2

*United States v. Allen*, 406 F.3d 940 (8th Cir. 2005)..................................................2

*United States v. Anglin*, 2015 WL 6828070 (E.D. Wis. Nov. 6, 2015).....................8

*United States v. Boman*, 810 F.3d 534 (8th Cir. 2016).............................................5

*United States v. Brownlow*, 2015 WL 6452620 (N.D. Ala. Oct. 26, 2015) .............8

*United States v. Bruce*, 2015 WL 7450244 (N.D. Tex. Oct. 13, 2015).....................8

*United States v. Davis*, 915 F.2d 132 (4th Cir.1990)................................................7

*United States v. Enoch*, 2015 WL 6407763 (N.D. Ill. Oct. 21, 2015).......................8

*United States v. Evans*, 2015 WL 6673182 (E.D.N.C. Oct. 20, 2015)......................8

*United States v. Gonzalez-Lopez*, 911 F.2d 542 (11th Cir.1990) .............................9

*United States v. Green,* 2016 WL 277982 (D. Md., Jan. 21, 2016) .........................8

*United States v. Hunter*, 2015 WL 6443084 (E.D. Va. Oct. 23, 2015).....................8

*United States v. Jones*, 932 F.2d 624 (7th Cir.1991)..........................................7, 9

*United States v. Maddalena*, 893 F.2d 815 (6th Cir.1989)......................................7

*United States v. Mayotte,* 76 F.3d 887 (1996) ........................................................9

*United States v. McAllister*, 927 F.2d 136 (1991) ...................................................9

*United States v. McNeal,* -- F.3d – , 2016 WL 1178823 (4th Cir., March 28, 2016)
    ...............................................................................................................6, 7

*United States v. Melgar-Cabrera*, 2015 U.S. Dist. LEXIS 145226 ........................8

*United States v. Mitchell,* 2015 WL 7283132 (E.D. Wisc., Nov. 17, 2015) .........7, 8

*United States v. Prickett, Jr.*, 2015 WL 5884904 (E.D. Ark. Oct. 8, 2015)............13

*United States v. Selfa*, 918 F.2d 749 (9th Cir.1990) ..............................................7, 9

*United States v. Strong*, 2015 WL 6394237 (N.D. Tex. Oct. 13, 2015)....................8

*United States v. Taylor,* 814 F.3d 340 (6th Cir. 2016) ..................................... 13, 14

*United States v. Wilson*, 951 F.2d 586 (4th Cir.1991) .............................................9

*United States v. Wright*, 957 F.2d 520 (8th Cir.1992) ...........................................7, 9

*Welch v. United States,* 2016 WL 1551144 (U.S. Apr. 18, 2016)........................3, 4

## Statutes

18 U.S.C. § 113(b) .....................................................................................................5

18 U.S.C. § 924(c) .....................................................................................................6

18 U.S.C. § 924(c)(3)…………………………………………………………………7

18 U.S.C. § 924(c)(3)(A) .......................................... 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15

18 U.S.C. § 924(c)(3)(B) ................................................................. 3, 12, 13, 14, 15

18 U.S.C. § 924(e)(2)(B) ..................................................................................... 12, 13

18 U.S.C. § 924(e)(2)(B)(i).......................................................................................5

18 U.S.C. § 924(e)(2)(B)(ii)……………………………………………………….4, 13

18 U.S.C. § 924(j)(1) ................................................................................................1

18 U.S.C. § 2111 .....................................................................................................5, 6

18 U.S.C. § 2113 ............................................................................................... passim

28 U.S.C. § 2255 ............................................................................................. 2, 4, 15

28 U.S.C. § 2255(h) ......................................................................................3, 11

28 U.S.C. § 2255(h)(2) …………………………………………………….........15

**<u>Other Authorities</u>**

U.S.S.G. § 4B1.2(a) ................................................................................. 7, 9, 10

# PROCEDURAL HISTORY

On March 17, 1997, Petitioner Billie Jerome Allen (Allen) and Norris Holder robbed the Lindell Bank & Trust Company in Saint Louis, Missouri. The bank robbery resulted in the death, by multiple gunshot wounds, of bank security guard Richard Heflin. Allen was indicted for crimes stemming from the armed bank robbery in April 1997. *See* Case No. 4:97CR00141 ERW. Count I of the indictment charged him with killing Mr. Heflin in the course of committing an armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (e) (1994). Count II of the indictment charged Allen with using a firearm to commit a crime of violence resulting in the death of another under circumstances constituting first-degree murder, in violation of 18 U.S.C. § 924(j)(1) (1994 and Supp. II 1996). The Government filed a timely notice of intent to seek the death penalty, and, following a trial, a jury found Allen guilty on both counts. The jury returned a sentence of life imprisonment on Count I, and a sentence of death on Count II.[1]

On direct appeal, this Court affirmed Allen's convictions and sentences. *United States v. Allen*, 247 F.3d 741, 761-64 (8th Cir. 2001). Allen filed a petition for writ of certiorari to the United States Supreme Court. The Supreme Court granted Allen's petition, vacated this Court's judgment, and remanded the case to this Court for reconsideration in light of *Ring v. Arizona*, 536 U.S. 584 (2002).

---

[1] Allen is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana serving this sentence and awaiting execution.

*Allen v. United States*, 536 U.S. 953 (2002).

On remand, a panel of this Court initially concluded Allen's sentence of death should be vacated, finding that the indictment's failure to charge at least one statutory aggravating factor violated Allen's Fifth Amendment right to indictment by a grand jury. *United States v. Allen*, 357 F.3d 745, 748-51 (8th Cir. 2004). The Court also found the error was not harmless beyond a reasonable doubt. However, following a subsequent rehearing en banc, this Court affirmed Allen's sentence, concluding the defect in the indictment was both non-structural and harmless beyond a reasonable doubt. *United States v. Allen*, 406 F.3d 940, 945, 949 (8th Cir. 2005). On December 11, 2006, the Supreme Court denied Allen's petition for writ of certiorari, *Allen v. United States*, 549 U.S. 1095 (2006), and, on February 20, 2007, it denied his petition for rehearing. *Allen v. United States*, 549 U.S. 1246 (2007).

In 2007, Allen filed a Motion pursuant to 28 U.S.C. §2255 in District Court. *See* Case No. 4:07CR00027 ERW. On February 11, 2008, he filed an Amended Motion. In a Memorandum and Order dated May 10, 2011, United States District Judge E. Richard Webber (who also presided over Allen's trial) denied all but one claim without an evidentiary hearing. *Allen v. United States*, 2011 WL 1770929 (E.D. Mo. May 10, 2011). In 2012, the District Court conducted a lengthy evidentiary hearing on Allen's claim that his counsel was ineffective for failing to

investigate and present mitigating evidence.  On June 25, 2014, in a Memorandum and Order, the District Court denied that claim and denied a certificate of appealability on all claims.  *Allen v. United States*, 2014 WL 2882495 (E.D. Mo. June 25, 2014).

On October 20, 2014, Allen filed a Notice of Appeal.   *See Allen v. United States*, No. 14-3495.   On May 19, 2015, this Court granted a certificate of appealability on one issue. That appeal is currently pending.

**PETITIONER'S CURRENT CLAIM**

On May 4, 2016, Allen filed this current application to file a second or successive petition under 28 U.S.C. §2255(h), claiming retroactive application of *Johnson v. United States,* 135 S. Ct. 2551 (2015) under *Welch v. United States,* 578 U.S. ___, 2016 WL 1551144 (U.S. Apr. 18, 2016).   Specifically, Allen claims that federal bank robbery under 18 U.S.C. § 2113 fails to qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)'s force clause because the offense does not require sufficient physical force or intent.  Allen also contends that § 2113 robbery cannot be a "crime of violence" pursuant to 18 U.S.C. § 924(c)(3)(B)'s risk clause because he asserts that *Johnson* requires a ruling that that that provision of the statute is unconstitutionally vague.

## ARGUMENT

### I. STANDARD FOR APPLICATION FOR SUCCESSIVE § 2255 PETITION

A Court of Appeals may grant a prisoner permission to file a second or successive habeas petition if, as applicable here, it involves a new rule of constitutional law that the Supreme Court has held can be applied retroactively upon collateral review. *Hill v. Morrison,* 349 F.3d 1089, 1090 (8th Cir. 2003), citing 28 U.S.C. §2255. Allen contends that his petition fits this exception because *Johnson v. United States* announced a new rule of constitutional law that was made retroactive to cases on collateral review by the Court in *Welch v. United States.* However, because the rule announced in *Johnson* is inapplicable to the statutes in Allen's case, Allen's petition should be denied.

### II. FEDERAL BANK ROBBERY UNDER 18 U.S.C. §§ 2113(A) AND (E) IS A "CRIME OF VIOLENCE" UNDER 18 U.S.C. § 924(C)(3)(A)'S FORCE CLAUSE, NOT UNDER THE ACCA'S RESIDUAL CLAUSE

#### A. *Johnson* Does Not Apply to 18 U.S.C. § 924(c)(3)(A)'s Force Clause

In *Johnson v. United States,* 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause portion of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"), was unconstitutionally void for vagueness. *Id.* at 2557. The Supreme Court held in *United States v. Welch*, 2016 WL 1551144 (U.S. Apr. 18, 2016) that the rule in *Johnson* was a substantive new

rule that is retroactive on collateral review. However, *Johnson* had no effect on the force clause of 18 U.S.C. § 924(e)(2)(B)(i) which defines a violent felony as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, *or the remainder of the Act's definition of a violent felony*.") (Emphasis furnished). Similarly, *Johnson* is not applicable to the identically worded force clause in 18 U.S.C. § 924(c)(3)(A), the statute under which Allen was convicted, which defines a crime of violence as a felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

### B.  Bank Robbery is a Crime of Violence Under the Force Clause

Allen contends that his federal bank robbery conviction under 18 U.S.C. §§ 2113(a) and (e) does not qualify as a crime of violence under the force clause of § 924(c)(3)(A).  However, his argument is belied by the cases.  In *United States v. Boman*, 810 F.3d 534, 543 (8th Cir. 2016), *rehearing and rehearing en banc denied March 1, 2016*, which was decided after *Johnson*, this Court considered a challenge to a defendant's prior convictions for use of a firearm during the commission of a "violent crime," namely, the federal crimes of robbery, 18 U.S.C. §2111, and assault with intent to commit robbery, 18 U.S.C. § 113(b).  *Id.* at 542. Post-*Johnson*, this Court noted that the elements of a § 2111 robbery were that a

5

defendant "by force and violence, or by intimidation, take from a person or presence of another anything of value." *Id.* at 542-543. The Court held that conviction "had as an element the 'attempted use, or threatened use of physical force against the person of another'" and therefore qualified as a violent felony under the ACCA. The elements of Boman's § 2111 robbery conviction are virtually identical to the elements of Allen's § 2113(a) bank robbery conviction. Both qualify as crimes of violence within the meaning of § 924(c) or violent felonies under the ACCA under the force clause of the respective statutes.

Other courts have held that bank robbery under § 2113(a) is a crime of violence under the force clause of § 924(c)(3)(A). In *United States v. McNeal, --* F.3d – , 2016 WL 1178823 (4th Cir., March 28, 2016), also issued after *Johnson*, the Court considered whether armed bank robbery under 18 U.S.C. §2113(d) was a violent felony. Defendant argued that armed bank robbery did not have an element the use, attempted use, or threatened use of physical force. The Government contended that bank robbery in violation of § 2113(a)—the elements of which are contained in §2113(d)—satisfied the force clause of § 924(c)(3)(A) because it included the element that property must be taken "by force and violence, or by intimidation." *Id.* at *8. The Court focused on this element and found that it met the standard for a "crime of violence" under the force clause of § 924(c)(3)(A). The Court stated:

6

In assessing whether bank robbery qualifies as a crime of violence under the § 924(c)(3) force clause, we do not write on a blank slate. Twenty-five years ago in *Adkins*, our esteemed former colleague Judge Hall explained that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *See* 937 F.2d at 950 n. 2 (quoting 18 U.S.C. § 924(c)(3)(A)). We also ruled decades ago that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which is nearly identical to the § 924(c)(3) force clause. *See United States v. Davis*, 915 F.2d 132, 133 (4th Cir.1990); *accord Johnson v. United States*, 779 F.3d 125, 128–29 (2d Cir.2015); *United States v. Wright*, 957 F.2d 520, 521 (8th Cir.1992); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.1991); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.1990); *United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir.1989).

*McNeal,* 2016 WL 1178823 at *9.

The Court concluded:

Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

*Id.* at *10.

In *United States v. Mitchell,* 2015 WL 7283132 (E.D. Wisc., Nov. 17, 2015), the District Court rejected defendant's argument that the element "by force and

violence, or by intimidation" was insufficient to qualify as a "crime of violence" under the force clause of § 924(c)(3)(A). The Court stated, "Because intimidation requires a threat, albeit in some cases an implied threat, of violent physical force, robbery is a crime of violence within the meaning of section 924(c) even though it can be committed by intimidation rather than actual violence." *Id.* at \*2 (citing *United States v. Enoch*, 2015 WL 6407763, at \*5-7 (N.D. Ill. Oct. 21, 2015)).

The Court stated:

> I accordingly join those courts holding, post-*Johnson*, that robbery offenses qualify as crimes of violence under the force clause. See, e.g., *United States v. Bruce*, No. 14-CR-442, 2015 U.S. Dist. LEXIS 144108, at \*3-4, 2015 WL 7450244 (N.D. Tex. Oct. 13, 2015) (bank robbery); *Strong*, 2015 U.S. Dist. LEXIS 143053, at \* 4-5, 2015 WL 6394237 (same); *see also United States v. Anglin*, No. 14-CR-3, 2015 U.S. Dist. LEXIS 151027, at \*19-20, 2015 WL 6828070 (E.D. Wis. Nov. 6, 2015) (Clevert, J.) (Hobbs Act robbery); *United States v. Brownlow*, No. 15-cr-34, 2015 U.S. Dist. LEXIS 144784, at \*14-15, 2015 WL 6452620 (N.D. Ala. Oct. 26, 2015) (same); *United States v. Hunter*, No. 12cr124, 2015 U.S. Dist. LEXIS 144493, at \*5, 2015 WL 6443084 (E.D. Va. Oct. 23, 2015) (same); *United States v. Evans*, No. 15-CR-57, 2015 U.S. Dist. LEXIS 142477, at \*15, 2015 WL 6673182 (E.D.N.C. Oct. 20, 2015) (same); *United States v. Melgar-Cabrera*, No. CR 09-2962, 2015 U.S. Dist. LEXIS 145226, at \*11 (D.N.M. Aug. 24, 2015) (same).

*Mitchell,* 2015 WL 7283132, at \*3. *See also United States v. Green,* 2016 WL 277982 (D. Md., Jan. 21, 2016) (armed bank robbery is a "crime of violence" under the force clause of § 924(c)(3)(A)).

## C. Bank Robbery is a Crime Of Violence Under U.S.S.G. § 4B1.2(a)

This Court has also held that a violation of the bank robbery statute, §2113(a), is a "crime of violence" as defined by United States Sentencing Guideline § 4B1.2(a)'s force clause. *United States v. Wright,* 957 F.2d 520 (8th Cir. 1992). Section 4B1.2(a) defines a crime of violence as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." It mirrors the § 924(c)(3)(A) definition of crime of violence. In *Wright*, the Court stated:

> To obtain a conviction for robbery under 18 U.S.C. § 2113(a), the Government must show the defendant took property "by force and violence, or by intimidation." "Intimidation means the threat of force." *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.1991); see *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.), *cert. denied*, 498 U.S. 986, 111 S. Ct. 521, 112 L.Ed.2d 532 (1990). Because use or threatened use of force is an element of robbery, a person convicted of robbery has been convicted of a crime of violence. *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir.1991); *Jones*, 932 F.2d at 625; *United States v. McAllister*, 927 F.2d 136, 138 (3d Cir.), *cert. denied*, 502 U.S. 833, 112 S. Ct. 111, 116 L.Ed.2d 80 (1991); *Selfa*, 918 F.2d at 751; *United States v. Gonzalez-Lopez*, 911 F.2d 542, 548 (11th Cir.1990), *cert. denied*, 500 U.S. 933, 111 S. Ct. 2056, 114 L.Ed.2d 461 (1991).

*Wright,* 957 F.2d at 521. *See also United States v. Mayotte,* 76 F.3d 887 (1996).

Federal bank robbery as defined in 18 U.S.C. § 2113(a) is a crime of violence or violent felony under the force clause.

9

**D. Bank Robbery in Which a Killing Occurs is a Crime of Violence Because It Contains the Element "by Force and Violence, or by Intimidation"**

Allen claims that this Court recognized that § 2113(e) bank robbery was not a violent felony under the force clause of § 924(c)(3)(A) in its opinion in this very case. Allen cites to this Court's opinion in *United States v. Allen,* 247 F.3d 741 (8th Cir. 2001), *vacated by Allen v. United States,* 536 U.S. 953 (2002). This is incorrect.

As an initial matter, the opinion Allen cites was vacated by the Supreme Court. *Allen v. United States,* 536 U.S. 953 (2002). "A vacated opinion has no further force and effect." *Creighton v. Anderson*, 922 F.2d 443, 449 (8th Cir.1990). "A vacated opinion is deprived of its standing, so that the law of the case doctrine is inapplicable." *Id.* (citing *Banco Nacional de Cuba v. Farr*, 383 F.2d 166, 177–78 (2d Cir.1967)).

Moreover, Allen's reliance on the vacated opinion is to a point which he takes completely out of context. The Court was not discussing the definition of "crime of violence" in § 924(c) or § 4B1.2, or "violent felony" in § 924(e). Instead, the Court was considering the mens rea contained in co-defendant Holder's jury instruction for § 2113(e) (armed robbery in which a killing occurs) (Count One). The Court simply noted that a conviction under § 2113(e) for armed

robbery in which a killing occurs does not require an additional finding of specific intent to kill. *Allen,* 247 F.3d at 782.

Section 2113(e) contains all the elements of § 2113(a)—and Allen was charged with a violation of both §§ 2113(a) and (e). Thus, Allen's bank robbery in which a killing occurred contained the element that he "by force and violence, or by intimidation, take from a person or presence of another anything of value." As fully discussed above, this element is sufficient to establish it as a "crime of violence" under the force clause of § 924(c)(3)(A).

To the extent Allen attempts to raise a challenge to the classification of federal bank robbery as a crime of violence based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), such a challenge does not meet the requirements of §2255(h) because *Descamps* is not a new rule of constitutional law made retroactive by the Supreme Court. *See, e.g., Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016). Nor do any of the uncertainties about previous convictions that drove the holding in *Descamps* exist here. In this case, the underlying crime of violence was charged and proven to a jury beyond a reasonable doubt. Under these circumstances, none of the issues necessitating a categorical approach to the analysis of prior convictions apply.

11

**II. SECTION 924(C)(3)(B) IS NOT UNCONSTITUTIONALLY VAGUE PURSUANT TO JOHNSON**

Allen contends that federal bank robbery cannot be a crime of violence under § 924(c)(3)(B) because that provision is unconstitutionally vague under *Johnson*. As discussed above, the federal bank robbery charged was classified as a "crime of violence" under § 924(c)(3)(A), and did not rely on § 924(e)(2)(B) at all. However, even if it had been so classified, because *Johnson* invalidated only the residual clause portion of 18 U.S.C. § 924(e)(2)(B) as vague, the holding did not affect the risk clause of § 924(c)(3)(B), which is different than the ACCA's residual clause.

Section 924(c)(3)(B) (the risk clause), defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In *Johnson*, the Court examined § 924(e)(2)(B) (the Armed Career Criminal Act) which defined a violent felony as an offense that is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another."* The closing words of this definition, italicized above, are the "residual clause." *Id.* at 2555-56.

The Supreme Court held that the residual clause was void for vagueness. *Johnson* reasoned that several factors in § 924(e)(2)(B)'s residual clause combined to render the provision vague, while recognizing that "[e]ach of the uncertainties in

the residual clause may be tolerable in isolation." *Id.* at 2560. However, §924(c)(3)(B)'s risk clause is not a "residual clause" because it does not have the combined set of factors that coalesced in *Johnson* to persuade the Court that the residual clause was unconstitutionally vague. *United States v. Taylor,* 814 F.3d 340 (6th Cir. 2016); *see also United States v. Prickett, Jr.*, 2015 WL 5884904 (E.D. Ark. Oct. 8, 2015). Section 924(c)(3)(B)'s risk clause does, like the ACCA's residual clause in § 924(e)(2)(B), require analysis of the risks posed in an ordinary case under a particular offense. However, § 924(c)(3)(B) differs from the ACCA's definition of "violent felony" in several important respects.

First, § 924(c)(3)(B)'s risk clause does not have the structure of §924(e)(2)(B)(ii)'s residual clause, which contains a list of enumerated crimes and an "otherwise" provision that introduces the residual clause. *Taylor,* 814 F.3d at 377. *Johnson* found that the differences among the enumerated crimes and lack of clarity on the degree of risk each posed magnified the vagueness concerns in assessing levels of risk under the residual clause. *Id.* at 2557-58. That same issue does not exist in connection with the risk clause of § 924(c)(3)(B).

Second, one of the uncertainties the Court identified in the residual clause is that it required courts to go "beyond evaluating the chances that physical acts that make up the crime will injure someone" and even to evaluate the potential for injury "after" the offense elements have been carried out. *Id.* at 2257, 2559 (noting

13

that "remote" physical injuries may qualify, but the determination of "how remote is too remote" is not answered by the residual clause). Section 924(c)(3)(B), in contrast, addresses that issue by requiring that force must be used "in the course of committing the offense." *Taylor,* 814 F.3d at 377.

Third, *Johnson* emphasized the inability of the Court's own cases to develop a "principled and objective standard," and the pervasive confusion among lower courts, as a demonstration of the residual clause's "hopeless indeterminacy." *Id.* at 2558-60. Section 924(c)(3)(B)'s risk clause has not generated any comparable confusion in either Supreme Court or lower court cases. *Taylor,* 814 F.3d at 378. Bank robbery "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Moreover, as stated above, the underlying circumstances of the crime of violence are far from indeterminate. On the contrary, the federal bank robbery was proven to the jury beyond a reasonable doubt in this very case.

# CONCLUSION

As demonstrated above, federal bank robbery under §§ 2113(a) is a crime of violence under both the force clause of § 924(c)(3)(A) and the risk clause of § 924(c)(3)(B), both of which are constitutional even after *Johnson*. The holding in *Johnson* is inapplicable to Allen's case, and therefore he has failed to demonstrate that his claim is based on a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court.

For all of the foregoing reasons, Allen has failed to satisfy the gatekeeping requirements of 28 U.S.C. § 2255(h)(2). Therefore, the Government respectfully requests that Allen's Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255 motion should be denied.

Dated: May 16, 2016

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/Carrie Costantin*
Carrie Costantin, #35925MO
First Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2016, the foregoing was filed electronically with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF. Participants in the case who are registered CM/ECF users, including attorney Timothy Kane, will be served by the CM/ECF system.

/s/Carrie Costantin
Carrie Costantin, #35925MO
Assistant United States Attorney