**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

**Case No. 16-2094**

_____

**BILLIE JEROME ALLEN,**

**Applicant-Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

_____

**REPLY IN SUPPORT OF APPLICATION TO FILE SECOND OR**
**SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2255(h)**

_____

**CAPITAL § 2255 PROCEEDINGS**

Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

May 23, 2016

**TABLE OF CONTENTS**

TABLE OF CONTENTS...............................................................................................i

TABLE OF AUTHORITIES ..................................................................... ii

INTRODUCTION ...................................................................................1

I.  FEDERAL BANK ROBBERY UNDER § 2113(a) AND
    (e) DOES NOT QUALIFY AS A "CRIME OF VIOLENCE"
    UNDER THE FORCE CLAUSE OF § 924(c)(3)(A)............................................2

II.  PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL
     CLAUSE IS UNCONSTITUTIONALLY VAGUE ............................................4

**TABLE OF AUTHORITIES**

<u>CASES</u>

*Begay v. United States,* 553 U.S. 137 (2008) ..............................................8

*Chambers v. United States*, 555 U.S. 122 (2009) .......................................8

*Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) .......................................8

*James v. United States*, 550 U.S. 192 (2007) ...........................................7, 8

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ...............................passim

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) .......................................................2

*Ortiz v. Lynch*, 796 F.3d 932 (8th Cir. 2015) ............................................2

*Sykes v. United States*, 564 U.S. 1 (2011) ..................................................7

*Tyler v. Cain*, 533 U.S. 656 (2001) ...........................................................1

*United States v. Allen*, 247 F.3d 741 (8th Cir. 2001) .................................3

*United States v. Bauer*, 990 F.2d 373 (8th Cir. 1993) ................................8

*United States v. Bell*, No. 15-00258, 2016 WL 344749
(N.D. Cal. Jan. 28, 2016) .............................................................................8

*United States v. Boman*, 810 F.3d 534 (8th Cir. 2016) ...............................2

*United States v. Coronado-Cervantes*, 154 F.3d 1242 (10th Cir. 1998) ...................8

*United States v. Dinwiddie*, 618 F.3d 821 (8th Cir. 2010) .........................3

*United States v. Edmundson*, No. 13–CR–15 (PWG), 2015 WL 9311983
(D. Md. Dec. 23, 2015) .................................................................................8

*United States v. Jackson*, 736 F.3d 953 (10th Cir. 2013) ...........................3

*United States v. Kirk*, 111 F.3d 390 (5th Cir. 1997) ..................................8

*United States v. Lattanaphom*, No. 99–CR–00433, 2016 WL 393545
(E.D. Cal. Feb. 2, 2016) ...............................................................................8

*United States v. McNeal*, -- F.3d --, 2016 WL 1178823
(4th Cir. March 28, 2016) .............................................................................2

*United States v. Pickar*, 616 F.3d 821 (8th Cir. 2010) ...............................2

*United States v. Rodriguez*, 581 F.3d 775 (8th Cir. 2009) .........................3

*United States v. Sanchez-Ledezma*, 630 F.3d 447 (5th Cir. 2011) ...........................8

*United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015)...........................8

*United States v. Wright*, 957 F.2d 520 (8th Cir. 1992)...............................3

*United States v. Yockel*, 320 F.3d 818 (8th Cir. 2003) ...............................2

*Woods v. United States*, 805 F.3d 1152 (8th Cir. 2015) ........................................1, 4

## STATUTES

18 U.S.C. § 16.....................................................................8

18 U.S.C. § 113...................................................................2

18 U.S.C. § 924..............................................................passim

18 U.S.C. § 2111 ................................................................2

18 U.S.C. § 2113............................................................1, 3

28 U.S.C. § 2255...........................................................1, 9

Applicant-Petitioner, Billie Jerome Allen, through counsel, respectfully submits this reply to the Government's Response to Application Brief to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255(h) ("Response").

## INTRODUCTION

The government's Response focuses on non-binding case law that supports its view that federal bank robbery is a crime of violence under the force clause under § 924(c)(3)(A), and/or that the residual clause under § 924(c)(3)(B) remains valid after *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government omits any discussion of the extensive case law supporting Petitioner's *contrary* allegations, as cited in Petitioner's Application. In and of itself, the divided federal authority on these dispositive issues demonstrates that Petitioner has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015). Mr. Allen has made a *prima facie* showing that his claim is based on a previously unavailable rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 662 (2001).

## I. FEDERAL BANK ROBBERY UNDER § 2113(a) AND (e) DOES NOT QUALIFY AS A "CRIME OF VIOLENCE" UNDER THE FORCE CLAUSE OF § 924(c)(3)(A)

The government does not identify any Supreme Court or Eighth Circuit case – and undersigned counsel has found none – that forecloses Petitioner's claim that

1

federal bank robbery is not a crime of violence under the force clause of § 924(c). The government cites *United States v. Boman*, 810 F.3d 534 (8th Cir. 2016). Response 5-6. But *Boman* did not address federal bank robbery at all and instead considered crimes under 18 U.S.C. § 2111 and 18 U.S.C. § 113(b), neither of which is at issue here. *See Boman*, 810 F.3d at 542-43.

When this Court *has addressed* federal bank robbery, it has found the "by force and violence, or by intimidation" element satisfied where there is no violent force and where the defendant acted unintentionally. *See United States v. Pickar*, 616 F.3d 821, 826 (8th Cir. 2010); *United States v. Yockel*, 320 F.3d 818, 824-25 (8th Cir. 2003); *see also* Application at 8-10. Those holdings preclude federal bank robbery from qualifying as a crime of violence under § 924(c)'s force clause. *See Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004); *Ortiz v. Lynch*, 796 F.3d 932, 935-36 (8th Cir. 2015). The government fails to even acknowledge this authority.

The government cites *United States v. McNeal*, -- F.3d --, 2016 WL 1178823 (4th Cir. March 28, 2016), for support that federal bank robbery falls under § 924(c)'s force clause. *McNeal* conflicts with other federal court decisions and with the views of the Solicitor General. *See* Application 17-19. *McNeal* also conflicts with this Circuit's precedent that the "by intimidation" element of bank robbery can be met through non-violent conduct and through accidental or negligent conduct. *See Pickar*; *Yockel*, *supra*; *see also* Application 7-10.

The government also cites *United States v. Wright*, 957 F.2d 520 (8th Cir. 1992), which considered whether federal bank robbery was a crime of violence under the sentencing guidelines. But *Wright* predated every relevant Supreme Court and Eighth Circuit decision regarding § 924(c)'s force clause. It also predated every relevant Eighth Circuit decision defining the "by force and violence, or by intimidation" element found in federal bank robbery.

Significantly, the government does not argue that the killing element of § 2113(e) itself qualifies Mr. Allen's conviction as a crime of violence. *See* Response 10-11. Instead, the government argues that a violation of § 2113(e) falls under the force clause because it necessarily requires a violation of § 2113(a), which contains the "by force and violence, or by intimidation" element. For the reasons stated above and in the Application, the government's argument fails.[1]

---

[1] The government asks the Court to disregard its ruling in this case that, "Congress did not intend to add an additional scienter requirement to the killing component of 2113(e)." *United States v. Allen*, 247 F.3d 741, 782 (8th Cir. 2001) (quotation omitted). The government argues that this ruling "has no further force and effect," because the Supreme Court vacated and remanded the case on unrelated grounds. *See* Response 10. But whatever the technical status of the initial panel opinion, it continues to be widely cited, including by this Court. *See, e.g.*, *United States v. Dinwiddie*, 618 F.3d 821, 833-34 (8th Cir. 2010) (relying on *Allen*, 247 F.3d at 783, and noting that *Allen* was "vacated on other grounds"); *United States v. Rodriguez*, 581 F.3d 775, 813-14 (8th Cir. 2009) (relying on *Allen*, 247 F.3d at 780-81, and noting that *Allen* was "vacated on other grounds"); *see also United States v. Jackson*, 736 F.3d 953, 957-58 (10th Cir. 2013) (adopting the reasoning of *Allen* to find that the killing element of § 2113(e) was established where defendant accidentally caused two deaths).

## II. PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE

The government does not dispute that *Johnson* announced a previously unavailable rule of constitutional law that has been made retroactive to cases on collateral review. The government instead argues that "the rule announced in *Johnson* is inapplicable to the statutes in Allen's case." Response 4. This argument overlooks the extensive case law holding otherwise. *See* Application 16-19 & nn.6-7. The government's argument also supposes that this Court should now decide the merits of the proposed claim, as opposed to determining "simply [whether there is] a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Woods*, 805 F.3d at 1153.

Perhaps most glaringly, the government's contention that *Johnson* has no effect on § 924(c) disregards the Supreme Court's rejection of ordinary case analysis in determining the intrinsic violence of a crime. The government concedes that courts must use the same "ordinary case" analysis in determining whether a felony qualifies as a crime of violence under 18 U.S.C. § 924(c)'s residual clause as under 18 U.S.C. § 924(e)'s residual clause. Response 13. But the government fails to acknowledge that the ordinary case analysis was itself "the wide-ranging inquiry," beset by "grave uncertainty" and "indeterminacy," that led the Supreme Court to find that the residual clause in § 924(e) was

4

unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Because the same problems attend to ordinary case analysis under § 924(c)(3)(B), *Johnson* necessarily undermines the validity of the clause.

The government also attempts to distinguish Johnson on three grounds. First, the government notes that § 924(c)(3)(B) does not include a list of enumerated offenses. Response 13. Second, the government claims that § 924(c)(3)(B) does not consider potential extra-offense conduct and thus is less vague than the § 924(e) residual clause. *Id*. at 13-14. Third, the Government suggests that case law on § 924(c)(3)(B) does not reflect the confusion that characterized the decisions about § 924(e)'s residual clause before *Johnson*. *Id*. at 14. The government's arguments do not withstand scrutiny.

1.     **The list of enumerated offenses preceding 924(e)'s residual clause was not necessary to the decision in *Johnson*; if anything, the absence of such a list in § 924(c)(3)(B) exacerbates its vagueness**

Contrary to the government's position, *Johnson* did not hinge on the list of enumerated offenses that preceded 924(e)'s residual clause. Although the Court observed that "[c]ommon sense has not even produced a consistent conception of the degree of risk posed by each of the four enumerated crimes," it recognized that "there is no reason to expect it to fare any better with respect to thousands of unenumerated crimes." *Johnson*, 135 S. Ct. at 2559. The Court thus contrasted the

*complete indeterminacy* of unenumerated crimes with the less-vague nature of enumerated crimes. In other words, the enumeration of four crimes was inadequate to cure the indeterminacy of the residual clause. The Court explained:

> The inclusion of burglary and extortion among the enumerated offenses suggests that a crime may qualify under the residual clause even if the physical injury is remote from the criminal act. But how remote is too remote? Once again, the residual clause yields no answers.

*Id.*

The absence of enumerated offenses thus cuts *against* the Government's argument. The enumerated offenses in § 924(e) at least offered some benchmark for quantifying risk, though even that benchmark could not save the clause. *See id.* Section 924(c)(3)(B), on the other hand, provides no benchmarks; quantifying risk is entirely abstract. That the Supreme Court found 924(e)'s residual clause unconstitutionally vague notwithstanding the clarifying language provided by the enumerated offenses suggests that § 924(c)'s residual clause – without enumerated offenses – is even more constitutionally problematic.

**2. Under § 924(c)(3)(B), the ordinary case analysis is neither limited to the elements nor otherwise narrower than under § 924(e)'s residual clause**

The government claims that § 924(c)(3)(B) is temporally narrower than 924(e)'s residual clause because it looks to the risk of force only "in the course of committing the offense." Response at 14. This purported distinction, however,

simply has no bearing on the ordinary case inquiry that the Supreme Court found to be intolerably arbitrary.

In any event, § 924(c)(3)(B) does not call for a narrower temporal inquiry than §924(e)'s residual clause. The Supreme Court's analysis of whether certain crimes were sufficiently risky under § 924(e) has focused on risk *during* the commission of the offense. *See, e.g., James v. United States*, 550 U.S. 192, 203-204, 210 (2007) (overruled by *Johnson*) (looking to conduct that typically occurs "while the crime [attempted burglary] is in progress," "while the break-in is occurring" and "during attempted burglaries"); *Sykes v. United States*, 564 U.S. 1, 8 (2011) (overruled by *Johnson*) (similar). Likewise, the "typical" conduct that the Supreme Court found sufficiently risky in prior ACCA cases involved conduct *during* the predicate crime. *See, e.g., James*, 550 U.S. at 211-12; *Skyes*, 564 U.S. at 9-10. In no case has the Supreme Court relied on "post-offense conduct" to find a predicate crime sufficiently risky under § 924(e)'s residual clause. The government's argument does not provide a basis to distinguish the unconstitutional residual clause in § 924(c) from the unconstitutional residual clause in § 924(e).

### 3. Similar confusion surrounds § 924(c)(3)(B) and § 924(e)(2)

After citing only the cases that support its position and omitting mention of conflicting precedent, the government concludes that § 924(c)(3)(B) does not invite difficult or contradictory application by the courts. *See* Response 14. But

courts analyzing § 924(c)(3)(B) and the identical § 16(b) regularly rely on § 924(e)(2) cases, and *vice-versa*.[2] Confusion over the meaning of § 924(c)(3)(B) has long been subsumed in confusion surrounding § 16(b) and § 924(e), because courts use the same body of precedent to interpret all three.

In light of the clauses' long-recognized similarities, courts across the country have applied *Johnson* to § 924(c). *See United States v. Bell*, No. 15-00258, 2016 WL 344749 at *11-13 (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 99–CR–00433, 2016 WL 393545 at *3-6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15 (PWG), 2015 WL 9311983 at *2-6 (D. Md. Dec. 23, 2015). And Courts of Appeals have authorized petitioners to file successive petitions based on *Johnson's* applicability to § 924(c). *See* Application 17-18. Courts of Appeals have likewise held that § 16(b) is unconstitutionally vague. *See United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). This precedent amply demonstrates that Mr. Allen has presented a *prima facie* claim.

---

[2] *See Begay v. United States,* 553 U.S. 137, 143, 145 (2008); *James*, 550 U.S. at 216, 219, 224 (Scalia, Stevens and Ginsburg, JJ., dissenting); *Chambers v. United States*, 555 U.S. 122, 133 n.2 (2009) (Alito and Thomas, JJ., concurring); *United States v. Sanchez-Ledezma*, 630 F.3d 447 (5th Cir. 2011); *United States v. Coronado-Cervantes*, 154 F.3d 1242, 1244 (10th Cir. 1998); *United States v. Kirk*, 111 F.3d 390, 394 (5th Cir. 1997).

For the reasons set forth above and in his initial Application, Mr. Allen has presented a *prima facie* claim that the requirements of 28 U.S.C. § 2255(h)(2) are satisfied, and he therefore requests that the Court authorize him to file a second 28 U.S.C. § 2255 petition in the District Court.

Respectfully Submitted,


/s/ Timothy Kane
Timothy Kane
Eric Montroy
Federal Community Defender Office
  for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Applicant-Petitioner

Dated:  May 23, 2016

**Certificate of Service**

I, Timothy Kane, hereby certify that on this 23rd day of May, 2016, I submitted the foregoing Reply via ECF with electronic service to be delivered to:

Ms. Carrie Constantin
First Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102


/s/ Timothy Kane
Timothy Kane