# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

### Case No. 16-2094

_____

**BILLIE JEROME ALLEN,**

**Applicant-Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**
_____

### NOTICE OF PROTECTIVE FILINGS
_____

Applicant-Petitioner, Billie Jerome Allen, through counsel, respectfully submits this notice of protective filings:

1.      On April 25, 2016, Mr. Allen submitted and served, and on May 4, 2016, this Court docketed an Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255(h).  The application contends that, after *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), the crime of violence under 18 U.S.C. § 924(c), for which Mr. Allen was capitally convicted, is unconstitutionally vague.  Mr. Allen thus requested permission to file a second § 2255 motion in the District Court for the Eastern District of Missouri.

2. On May 16, 2016, the government submitted a response in opposition to the application. Mr. Allen filed a reply on May 23, 2016, and a Rule 28(j) letter on June 6, 2016.

3. This Court has not yet ruled on the application.

4. June 26, 2016, marks the one-year anniversary of *Johnson*.

5. Section 2255(f) establishes a one-year statute of limitations for § 2255 motions. Mr. Allen's pending application in this Court does not appear to toll the limitations period. *See Fierro v. Cockrell*, 294 F.3d 674, 680 (5th Cir. 2002).

6. To protect his rights in the event this Court denies his application, Mr. Allen yesterday submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241[1] in the United States District Court for the Southern District of Indiana raising a due process challenge to his capital conviction and death sentence. *See* Exhibit 1.

---

[1] Although § 2241 does not impose a statute of limitations, in order to obtain relief under that section, Mr. Allen may need to show that § 2255 is inadequate or ineffective to test the legality of his sentence, and/or that § 2255, as applied, suspended his constitutional privilege of the writ of habeas corpus. Those showings would be more difficult, if not unattainable, if Mr. Allen filed his § 2241 petition more than a year after *Johnson*, because § 2255's statute of limitations is not generally considered "inadequate or ineffective." *See generally In re Davenport*, 147 F.3d 605, 608-10 (7th Cir. 1998); *see also, e.g.*, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The one-year period provided him with a reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute."); *accord Moreno v. Cozza-Rhodes*, 514 Fed. Appx. 746, 747 (10th Cir. 2013); *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

7.     To protect his rights in the event this Court grants his application, Mr. Allen today submitted a protective second § 2255 motion in the United States District Court for the Eastern District of Missouri asserting the same due process challenge to his capital conviction and death sentence.  *See* Exhibit 2.

Respectfully Submitted,

/s/ Timothy Kane
Timothy Kane
Eric Montroy
Federal Community Defender Office
  for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Applicant-Petitioner

Dated:  June 24, 2016

**Certificate of Service**

I, Timothy Kane, hereby certify that on this 24th day of June, 2016, I submitted the foregoing Notice of Protective Filings via ECF with electronic service to be delivered to:

Ms. Carrie Constantin
First Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

/s/ Timothy Kane
Timothy Kane