# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## *Capital Habeas Unit*

FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

| | | |
|---|---|---|
| ***LEIGH M. SKIPPER*** | PHONE NUMBER (215) 928-0520 | ***HELEN A. MARINO*** |
| CHIEF FEDERAL DEFENDER | FAX NUMBER (215) 928-0826 | FIRST ASSISTANT FEDERAL DEFENDER |
| | FAX NUMBER (215) 928-3508 | |

July 18, 2016

Michael E. Gans, Court Clerk
Eighth Circuit Court of Appeals
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO. 63102

> Re: Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j) in *Allen v. United States*, Case No. 16-2094 (Application to File Second or Successive § 2255 Petition)

Dear Mr. Gans:

Pursuant to Rule 28(j), we write to advise the Court of its opinion in *United States v. Eason*, --- F.3d ---, No. 15-1254, 2016 WL 3769477 (July 14, 2016). A copy of the opinion is attached for the Court's convenience.

In *Eason*, a panel of this Court determined that a conviction for robbery under Arkansas law does not constitute a violent felony under the force clause of the Armed Career Criminal Act (ACCA) – which is identical to the force clause of 18 U.S.C. § 924(c) at issue in Mr. Allen's case. Under Arkansas law, a robbery conviction may be upheld "even where there was no threat of force and no actual injury befell the victim." *Eason*, 2016 WL 3769477, at *6. Applying the categorical approach and stressing that ACCA requires the threat or use of violent

physical force, the Court concluded that the Arkansas robbery statute categorically does not amount to "a crime of violence for ACCA purposes." *Id.*

In his pending Application, Mr. Allen has argued that his federal bank robbery conviction fails to qualify as a crime of violence under 18 U.S.C. § 924(c), because the residual clause has been invalidated under *United States v. Johnson*, 135 S. Ct. 2551 (2015), and because federal bank robbery fails to satisfy the force clause of § 924(c). The federal bank robbery statute is substantively similar to the Arkansas robbery statute this Court analyzed in *Eason*; as with the Arkansas statute, this Court has repeatedly sustained convictions for federal bank robbery absent the intentional use or threatened use of violent physical force. *See* Application at 7-12 (citing cases). *Eason* thus supports the conclusion that federal bank robbery does not qualify under the force clause 18 U.S.C. § 924(c).

Respectfully submitted,

/s/ Tim Kane

Tim Kane, Esq.
Eric Montroy, Esq.

Counsel for Applicant-Petitioner Billie Jerome Allen

cc:     Carrie Costantin, Esq. (via ECF)

Encl.